**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CORNING CREDIT UNION**<br><br>　　　　　　　　　　　**Plaintiff,**<br><br>**-vs-**<br><br>**ADT SOLAR LLC F/K/A MARC JONES CONSTRUCTION LLC D/B/A SUNPRO SOLAR**<br><br>　　　　　　　　　　　**Defendant** | **COMPLAINT**<br><br>**Case No.**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff Corning Federal Credit Union ("Plaintiff" or "CCU") for its Complaint against ADT Solar LLC f/k/a/ Marc James Construction, LLC d/b/a Sunpro Solar ("Defendant" or "ADT"), states as follows:

　　　　1.　　Corning Federal Credit Union is domestic New York corporation and federally chartered credit union with headquarters located at One Credit Union Plaza, Corning, New York 14830.

　　　　2.　　Upon information and belief, Defendant ADT Solar LLC is a Louisiana limited liability company. A limited liability company's citizenship is determined by the citizenship of its members. ADT Solar LLC's sole member is Compass Solar Group LLC. Compass Solar Group LLC's sole member is The ADT Security Corporation. The ADT Security Corporation is a Delaware corporation with its principal place of business located in Boca Raton, Florida. Accordingly, The ADT Security Corporation is a citizen of Delaware and Florida. ADT Solar is not, and was not at the time of the filing, a citizen of the State of New York within the meaning of 28 U.S.C. § 1332(c)(1).

　　　　3.　　Because Plaintiff is a citizen of New York, ADT Solar is a citizen of Delaware and Florida requisite diversity of citizenship is satisfied under 28 U.S.C. § 1332(a)(1).

- 1 -

4. Based on Plaintiff's allegations, the amount in controversy in this case exceeds $75,000, excluding interest and costs.

5. Because Plaintiffs claim is in an amount in excess of $75,000, and the amount in controversy requirement is satisfied. 28 U.S.C. §§ 1332(a), 1446(c).

6. Venue is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the Western District of New York encompassing the place where the loan transactions at issue were underwritten and issued by CCU for the benefit of various consumers who purchased Solar PVC Units which were sold, installed and warranted by Defendant ADT.

**Consumer Complaints**

7. Corning Credit Union ("CCU") is the only named respondent in a series of JAMS arbitrations involving PVC solar sales, installation and warranty practices of ADT Solar, LLC, or its predecessors Marc Jones Construction LLC and/or Sunpro Solar (collectively "ADT") with respect to certain Texas and California-based consumers who are identified as LeRoy Kirkland, Lisa Cantu, Harry Propst, Michael Crockarell, Karen Fleming, Gregory Nuncio, Timothy and Deborah Linn, Mallory Puckett and Al Canady (collectively, the "JAMS Consumers").

8. In addition, CCU has received pre-arbitration demand letters from the following consumers including but not limited to William Stokes, Eric A. Ehlers, Barrie R. Barker, Victor Fahim, David Hajda, Donn V. Marcussen, Martha Vazquez, Denny Chapman, Nancy M. Mclendon, Hercule Tshibala, Ricky J. Raney, Dwight Littlefiled, Jeffery Dewitt, Martha Holguin, Rex D. Merrill, Paul D. Rippa, Binh Ngo, Charles Anders, Rex Barnwell, Tony Arana, William Boyd, Narong Vongmayaythong, Richard Finley, Alexander Castillo, Grazio A. Cervantes, Jennifer Jacobs, Julia Dunlap, Rodney Sargent, Danny Brady, Robert Berger, Justina Jennings,

Edward Henry, Joanne Evvard, Lisa Cantu and Tony Koon (the "Non-JAMS Consumers" and collectively JAMS and non-JAMS Consumers referred to as "Consumers").

9. The above Consumers in each of the above-named arbitrations all complain that they were approached by an ADT representative about purchasing a solar panel system as a means to save significantly on their monthly electricity costs. The fundamental proposition posed by the ADT Solar representative was that the solar panel system would generate sufficient electricity credits to exceed the monthly loan payment on the system, thereby yielding overall savings. The Consumers typically complained that they allegedly had no previous experience with solar panel systems and no prior knowledge about any aspect of the solar panel business. Thus, they allege they relied on ADT's honesty and integrity to design and install a system that would achieve the claimed savings. Further, the Consumers complain that the systems never worked as promised. Despite these Consumers' numerous efforts to work out the issues stated below, ADT allegedly ceased installations in or about February 2024 which CCU understands not to be accurate as its web site currently advises the general public that it continues to honor its solar warranty work.

10. The Consumers contend that their agreements with ADT were procured by way of significant misrepresentations and deceptive practices which are summarized as follows:

1. promise of substantial savings which did not occur;
2. failure to allow consumers adequate time to review sales documents;
3. failure to inform consumers of dealers fees;
4. failure to provide clear or completed "Notice of Right to Cancel" forms as required under Texas law for door to door sales;
5. misrepresentation of tax credits; and
6. failure to preform warranty work.

These bad acts constitute a majority of the consumers' claims against CCU in the Prevost arbitrations.

11. Consumers allege under the Federal Arbitration Act (FAA) and the Federal Trade Commission (FTC) Holder Rule, 16 C.F.R.§433.2 applies against CCU and that it would be liable for the acts and omissions arising from ADT and its agents/employees sales transactions with these Consumers.

12. Upon information and belief, CCU has issued additional loans for many other consumers involving ADT sales installations and warranties, which may have the same issues going forward. Plaintiff reserves its right to add additional claims to this lawsuit to the extent necessary.

**The Solar Loan Platform.**

13. The financing of the PVC Systems were arranged and provided for to CCU which acted solely as the lender for those transactions through a solar program against in which Sunlight Financial LLC ("Sunlight") provided CCU with a loan platform through Sunlight's financing program with its solar partners which included ADT.

14. Pursuant to the terms of the Sunlight Financing Program Agreement with Sunlight and amended thereto ("Financing Agreement"), ADT agreed as follows:

> 15.5 Indemnification of Bank.
>
> Installer agrees to indemnify, defend, and hold Bank harmless from and against any and all claims, actions, damages, liabilities, costs, and expenses, including reasonable attorneys' fees and expenses, arising out of any negligent or intentional action or inaction of the Installer and/or any breach of this Agreement by the Installer. This indemnity shall further apply in the event a Borrower asserts a claim or defense against the Bank relating to or arising from Installer's conduct. This indemnity shall not apply unless the Bank notifies the Installer promptly of any matters in respect of which this indemnity may apply and of which the Bank has knowledge and gives the Installer full opportunity to control the response thereto and the defense thereof, including, without limitation, any agreement relating to the settlement thereof. The Parties agree that these indemnification obligations shall survive the termination of this

Agreement.

18.13 <u>Third Party Beneficiaries.</u>

Excluding Bank's third party beneficiary rights hereunder, this Agreement is solely for the benefit of Sunlight and Installer and no person or legal entity is, or shall be considered an intended third party beneficiary thereof, and no person other than Sunlight and Installer shall have an enforceable right to benefits under this Agreement. Notwithstanding anything herein to the contrary, *Sunlight and Installer agree that Bank is an intended third party beneficiary of this Agreement and, as such, Bank can enforce any rights and/or pursue any remedies available to Sunlight under this Agreement against Installer, including but not limited to pursuing rights and remedies arising from Installer's breach of warranty, representation, or covenant hereunder." (Emphasis Supplied).*

15.  All of the CCU loan transactions with each of the Consumers originated and were issued out of CCU's Corning, New York headquarters in which CCU served solely as lender. These same Consumers are all CCU members based upon their respective loan participation.

## AS FOR A FIRST CAUSE OF ACTION
**(Breach of Contract and Third-Party Beneficiary- Financing Agreement)**

16.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17.  The Financing Agreement is a valid, binding, and enforceable contract between Sunlight Financial and ADT.

18.  The Financing Agreement was intended for the direct benefit of Sunlight Financial's lending platform lenders such as CCU. Specifically, the Financing Agreement required ADT to indemnify and hold CCU harmless from any and all consumer claims, actions, damages, liabilities, costs and expenses including reasonable attorney's fees and expenses arisen out of the negligent or intentional action or inactions of ADT.

19. The benefit to Plaintiff is direct, as opposed to incidental, and sufficiently immediate to indicate the assumption by ADT and Sunlight Financial, as the contracting parties to the Financing Agreement, of a duty to compensate CCU if the benefit is lost.

20. Accordingly, CCU is an express third-party beneficiary of the Financing Agreement.

21. As alleged above, ADT breached its obligation under the Financing Agreement by allegedly procuring the solar contracts with the Consumers by way of significant misrepresentations and deceptive practices which are summarized as follows:

1. promise of substantial savings which did not occur;
2. failure to allow consumers adequate time to review sales documents;
3. failure to inform consumers of dealers fees;
4. failure to provide clear or completed "Notice of Right to Cancel" forms as required under Texas law for door to door sales;
5. misrepresentation of tax credits; and
6. failure to preform warranty work.

These above bad acts constituted a majority of the Consumers' claims against CCU in the Prevost arbitrations.

22. As a result of ADT's collective breaches, Plaintiff CCU has been subjected to defend a series of arbitration and pre-arbitration demands initiated by the Consumers.

23. CCU has been wholly and completely deprived of all benefits it should have received as an express third-party beneficiary to the Financing Agreement between ADT and Sunlight Financial.

24. Based on the Financing Agreement, CCU also seeks a reasonable amount of attorneys' fees based on ADT's breach of the Financing Agreement.

25. As a direct and foreseeable consequence of ADT's breach, Plaintiff has suffered damages in the approximate amount of $2,500,000.00, plus costs and attorneys' fees associated with this action to be proven at trial.

## AS FOR A SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing as Third-Party Beneficiary- Financing Agreement)

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. As a party to the Financing Agreement, ADT was obligated to exercise its duties consistent with the contractual obligation of good faith and fair dealing implicit in all contracts, including the Financing Agreement.

28. The covenant of good faith and fair dealing is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement or withholds its benefits from the plaintiff.

29. ADT breached its obligation of good faith and fair dealing by deliberately withholding the benefits of the Financing Agreement from CCU. Specifically, as alleged above, ADT breached its obligation under the Financing Agreement by allegedly procuring the solar contracts with the Consumers by way of significant misrepresentations and deceptive practices which are summarized as follows:

   1. promise of substantial savings which did not occur;
   2. failure to allow consumers adequate time to review sales documents;
   3. failure to inform consumers of dealers fees;
   4. failure to provide clear or completed "Notice of Right to Cancel" forms as required under Texas law for door to door sales;
   5. misrepresentation of tax credits; and
   6. failure to preform warranty work.

30. As a direct and foreseeable consequence of ADT's breach, Plaintiff has suffered damages in the approximate amount of $2,500,000.00, plus costs and attorney's fees associated with this action to be proven at trial.

## AS FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Defendant ADT was unjustly enriched through the use of the loan proceeds paid by the Plaintiff. Specifically, as alleged herein, the proceeds of the loans were used to finance the installation of the PVC Solar units for each of the Consumers.

33. It would be unjust, and against equity and good conscience, to permit ADT to retain the benefits received from these loan proceeds.

34. As a result of the unjust enrichment to Defendants, CCU has been damaged and is entitled to recover the amount of its loss or the value of Defendants' gain.

## AS FOR A FOURTH CAUSE OF ACTION
### (Promissory Estoppel)

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Defendant made a clear and unambiguous promise under the Financing Agreement to indemnify, defend and hold CCU harmless arising out of any negligent or intentional action or inaction of ADT.

37. The promise to indemnify, defend and hold harmless CCU was material to the Consumers and Plaintiff reasonably and foreseeably relied on this promise.

38. Defendant accepted the benefits of Plaintiff's loan proceeds for each of the Consumers' solar installations.

39. Defendant has denied CCU's claim as a third-party beneficiary of the Financing Agreement which requires Defendant to indemnify, defend and hold CCU harmless for ADT's negligent or intentional action or inaction of ADT.

40. Plaintiff has suffered loss and damage as a result of Defendant's failure to indemnify, defend and hold CCU harmless.

### AS FOR A FIFTH CAUSE OF ACTION
### (Contractual Indemnification)

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. ADT owes CCU a contractual law duty of defense and indemnity and is therefore liable for whatever attorneys' fees and other costs it incurs in defense of this action as well as indemnity against any amount ultimately found due from CCU to the Consumers.

### AS FOR A SIXTH CAUSE OF ACTION
### (Common Law Indemnification)

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

44. ADT owes CCU a common law duty of defense and indemnity and is therefore liable for whatever attorneys' fees and other costs it incurs in defense of this action as well as indemnity against any amount ultimately found due from CCU to the Consumers.

### AS FOR A SEVENTH CAUSE OF ACTION
### (Common Law Contribution)

45. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. Any amounts for which CCU is found obligation to the Claimant will be due in whole or in part to the wrongful conduct of ADT.

47. As a result of the foregoing CCU is entitled to contribution from ADT, in an amount to be determined, for any amount for which CCU may be found liable to the Plaintiff.

**WHEREFORE**, based upon the following, Plaintiff herein respectfully demands judgment as follows:

    A.    On the First Cause of Action for Breach of Contract against Defendant ADT, awarding Plaintiff a judgment against Defendant in an amount to be determined at trial plus interest from the date of the breach, as well as attorneys' fees;

    B.    On the Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing against Defendant ADT, awarding Plaintiff a judgment against Defendant in an amount to be determined at trial plus interest from the date of the breach, as well as attorneys' fees;

    C.    On the Third Cause of Action for Unjust Enrichment, awarding Plaintiff a judgment against Defendant ADT, awarding Plaintiff a judgment against Defendant in an amount to be determined at trial plus interest from the date of the breach, as well as attorneys' fees;

    D.    On the Fourth Cause of Action for Promissory Estoppel, awarding Plaintiff a judgment against Defendant ADT, awarding Plaintiff a judgment against Defendant in an amount to be determined at trial plus interest from the date of the breach, as well as attorneys' fees;

    E.    On the Fifth Cause of Action for Contractual Indemnification, awarding Plaintiff a judgment against Defendant ADT, awarding Plaintiff a judgment against Defendant in an amount to be determined at trial plus interest from the date of the breach, as well as attorneys' fees;

    F.    On the Sixth Cause of Action for Common Law Indemnification, awarding Plaintiff a judgment against Defendant ADT, awarding Plaintiff a judgment against Defendant in an amount to be determined at trial plus interest from the date of the breach, as well as attorneys' fees; and

    G.    On the Seventh Cause of Action for Contribution, awarding Plaintiff a judgment against Defendant ADT, awarding Plaintiff a judgment against Defendant in an amount to be determined at trial plus interest from the date of the breach, as well as attorneys' fees;

- 11 -

      H.      The costs and disbursements associated with this action; and

      I.      For such other and further relief as this Court deems just and proper

Dated: September 10, 2025

<u>/s/: Glenn M. Fjermedal</u>
Glenn M. Fjermedal, Esq.
Davidson Fink LLP
*Attorneys for Plaintiff*
400 Meridian Centre Blvd, Suite 200
Rochester, NY 14618
