UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORNING CREDIT UNION<br><br>                        Plaintiff,<br><br>vs.<br><br>ADT SOLAR LLC F/K/A MARC JONES CONSTRUCTION LLC D/B/A SUNPRO SOLAR<br><br>                        Defendant. | Civil Action No. 1:25-cv-853<br><br>**DEFENDANT ADT SOLAR LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

      Defendant ADT Solar LLC (f/k/a Marc Jones Construction, L.L.C., d/b/a Sunpro Solar) ("ADT Solar"), by and through undersigned counsel, hereby files its Answer to Plaintiff's Complaint ("Complaint"). Each allegation not expressly and specifically admitted is expressly and specifically denied. In response to the allegations in the specific numbered paragraphs, ADT Solar answers the Complaint as follows:

      1.      ADT Solar is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

      2.      Admitted.

      3.      Admitted.

      4.      ADT Solar is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies them.

      5.      The allegations set forth in Paragraph 5 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, ADT Solar denies the allegations.

6.	The allegations set forth in Paragraph 6 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response may be required, ADT Solar denies the allegations.

**Consumer Complaints**

7.	ADT Solar is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies them.

8.	ADT Solar is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.

9.	ADT Solar is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies them.

10.	ADT Solar is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.

11.	ADT Solar is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies them.

12.	ADT Solar is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

**The Solar Loan Platform**

13.	In response to the allegations set forth in Paragraph 13 of the Complaint, ADT Solar admits that it entered into a Financing Agreement with Sunlight Financial LLC ("Sunlight") on December 7, 2016, establishing a program for Sunlight financing to consumers for the photovoltaic solar panel systems installed by ADT Solar. The Financing Agreement is a document that speaks for itself, and any attempt to characterize its terms is strictly denied. ADT Solar denies any allegation inconsistent with these admissions.

14. ADT Solar denies the allegations set forth in Paragraph 14 of the Complaint.

15. ADT Solar is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies them.

### AS FOR A FIRST CAUSE OF ACTION
### (Breach of Contract and Third-Party Beneficiary-Financing Agreement)

16. In response to allegations set forth in Paragraph 16, ADT Solar restates and incorporates by reference its answers to Paragraphs 1 through 15 as if fully set forth herein.

17. In response to the allegations set forth in Paragraph 17 of the Complaint, ADT Solar admits that it entered into a Financing Agreement with Sunlight on December 7, 2016. The Financing Agreement is a document that speaks for itself, and any attempt to characterize its terms is strictly denied. ADT Solar denies any allegation inconsistent with these admissions.

18. In response to the allegations set forth in Paragraph 18 of the Complaint, ADT Solar admits that it entered into a Financing Agreement with Sunlight on December 7, 2016. The Financing Agreement is a document that speaks for itself, and any attempt to characterize its terms is strictly denied. ADT Solar denies any allegation inconsistent with these admissions.

19. In response to the allegations set forth in Paragraph 19 of the Complaint, ADT Solar admits that it entered into a Financing Agreement with Sunlight on December 7, 2016. The Financing Agreement is a document that speaks for itself, and any attempt to characterize its terms is strictly denied. ADT Solar denies any allegation inconsistent with these admissions

20. ADT Solar denies the allegations set forth in Paragraph 20 of the Complaint.

21. ADT Solar denies the allegations set forth in Paragraph 21 of the Complaint, including its subparts (1) through (6).

22. The allegations set forth in Paragraph 22 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, ADT Solar denies the allegations.

23. The allegations set forth in Paragraph 23 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, ADT Solar denies the allegations.

24. ADT Solar denies Plaintiff is entitled to the relief sought in Paragraph 24 of the Complaint.

25. ADT Solar denies Plaintiff is entitled to the relief sought in Paragraph 24 of the Complaint.

**AS FOR A SECOND CAUSE OF ACTION**
**(Breach of Implied Covenant of Good Faith and Fair Dealing as Third-Party Beneficiary-Financing Agreement)**

26. In response to allegations set forth in Paragraph 26, ADT Solar restates and incorporates by reference its answers to Paragraphs 1 through 25 as if fully set forth herein.

27. In response to the allegations set forth in Paragraph 27 of the Complaint, ADT Solar admits that it entered into a Financing Agreement with Sunlight on December 7, 2016. The Financing Agreement is a document that speaks for itself, and any attempt to characterize its terms is strictly denied. ADT Solar denies any allegation inconsistent with these admissions

28. The allegations set forth in Paragraph 28 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, ADT Solar denies the allegations.

29. ADT Solar denies the allegations set forth in Paragraph 29 of the Complaint, including its subparts (1) through (6).

30. ADT Solar denies Plaintiff is entitled to the relief sought in Paragraph 30 of the Complaint.

## AS FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

31. In response to allegations set forth in Paragraph 31, ADT Solar restates and incorporates by reference its answers to Paragraphs 1 through 30 as if fully set forth herein.

32. The allegations set forth in Paragraph 32 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, ADT Solar denies the allegations.

33. The allegations set forth in Paragraph 33 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, ADT Solar denies the allegations.

34. The allegations set forth in Paragraph 34 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, ADT Solar denies the allegations.

## AS FOR A FOURTH CAUSE OF ACTION
### (Promissory Estoppel)

35. In response to allegations set forth in Paragraph 35, ADT Solar restates and incorporates by reference its answers to Paragraphs 1 through 34 as if fully set forth herein.

36. In response to the allegations set forth in Paragraph 36 of the Complaint, ADT Solar admits that it entered into a Financing Agreement with Sunlight on December 7, 2016. The Financing Agreement is a document that speaks for itself, and any attempt to characterize its terms is strictly denied. ADT Solar denies any allegation inconsistent with these admissions,

37. In response to the allegations set forth in Paragraph 37 of the Complaint, ADT Solar admits that it entered into a Financing Agreement with Sunlight on December 7, 2016. The Financing Agreement is a document that speaks for itself, and any attempt to characterize its terms is strictly denied. ADT Solar denies any allegation inconsistent with these admissions.

38. The allegations set forth in Paragraph 38 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, ADT Solar denies the allegations.

39. In response to the allegations set forth in Paragraph 39 of the Complaint, ADT Solar admits that it entered into a Financing Agreement with Sunlight on December 7, 2016. The Financing Agreement is a document that speaks for itself, and any attempt to characterize its terms is strictly denied. ADT Solar denies any allegation inconsistent with these admissions.

40. ADT Solar is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, and therefore denies them.

**AS FOR A FIFTH CAUSE OF ACTION**
**(Contractual Indemnification)**

41. In response to allegations set forth in Paragraph 41, ADT Solar restates and incorporates by reference its answers to Paragraphs 1 through 40 as if fully set forth herein

42. In response to the allegations set forth in Paragraph 42 of the Complaint, ADT Solar admits that it entered into a Financing Agreement with Sunlight on December 7, 2016. The Financing Agreement is a document that speaks for itself, and any attempt to characterize its terms is strictly denied. ADT Solar denies any allegation inconsistent with these admissions.

**AS FOR A SIXTH CAUSE OF ACTION**
**(Common Law Indemnification)**

43. In response to allegations set forth in Paragraph 43, ADT Solar restates and incorporates by reference its answers to Paragraphs 1 through 42 as if fully set forth herein

44. The allegations set forth in Paragraph 44 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, ADT Solar denies the allegations.

**AS FOR A SEVENTH CAUSE OF ACTION**
**(Common Law Contribution)**

45. In response to allegations set forth in Paragraph 45, ADT Solar restates and incorporates by reference its answers to Paragraphs 1 through 44 as if fully set forth herein

46. The allegations set forth in Paragraph 46 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, ADT Solar denies the allegations.

47. ADT Solar denies Plaintiff is entitled to the relief sought in Paragraph 47 of the Complaint.

Further answering, ADT Solar denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause following Paragraph 47 of the Complaint, including in its subparts A through I.

**AFFIRMATIVE DEFENSES**

ADT Solar has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. Accordingly, the defenses stated herein are based on ADT Solar's knowledge, information, and belief at this time. ADT Solar reserves the right to modify, amend, or supplement any defense contained herein. Without conceding that it bears the burden of proof or persuasion as to any one of them, ADT Solar asserts the following separate defenses to the Complaint:

1. By filing this pleading, ADT Solar does not waive its right to arbitrate as set forth in Section 17 of the Financing Agreement. ADT Solar will exercise this right to the extent permitted by law.

2. The Complaint and each cause of action therein fail to state a claim upon which relief can be granted.

3. The terms of the Financing Agreement bar Plaintiff's claims against ADT Solar in whole or in part, and/or limit recoverable damages.

4. The equitable doctrines of waiver, laches, and unclean hands bar Plaintiff's claims, in whole or in part.

5. The relevant statute of limitations bars Plaintiff's claims.

6. The sole and/or partial proximate cause of damages claimed was due to the carelessness, recklessness, negligence, fault, and/or strict liability of Plaintiff, and/or other persons, firms, or entities over which ADT Solar exercised no control or responsibility, and for which ADT Solar is not liable, and recovery should be proportionately reduced according to the percentage of fault of Plaintiff and/or others.

7. The doctrines of accord and satisfaction bar any relief by Plaintiff.

8. If Plaintiff suffered damages, which ADT Solar denies, the equitable doctrine of setoff and recoupment entitle ADT Solar to an offset of any judgment that may be entered. To the extent that Plaintiff has received full or partial payment for the damages sought in this action by any other party or non-party by way of settlement, judgment, or otherwise, ADT Solar is entitled to a set-off to the extent of such payments.

9. If Plaintiff suffered damages, which ADT Solar denies, Plaintiff fails to allege that ADT Solar breached a common-law duty necessary to sustain their tort claims.

10. Plaintiff's claims are barred, in whole or in part, by their own conduct, actions, and inactions, which amount to and constitute an equitable estoppel of any relief sought.

11. Plaintiff's claims fail to the extent that Plaintiff acquiesced or consented to the matters alleged in the Complaint.

12. Plaintiff's claims are barred in whole or in part, because ADT Solar acted with legitimate business purpose and in good faith, without any willful intent to violate the law, and in accordance with its legal duties, rights and obligations.

13. Plaintiff failed to exercise reasonable care and diligence to mitigate damages, if any. Plaintiff may not claim as damages those items that were not mitigated and damages should be reduced by law.

14. Plaintiff failed to join or serve identifiable and indispensable parties necessary for proper adjudication.

15. The damages alleged, if any, were proximately caused by an unforeseeable independent, intervening, and/or superseding event beyond the control and unrelated to any actions or conduct of ADT Solar. ADT Solar's actions and conduct, if any, were superseded by the negligence and wrongful conduct of others.

16. At all relevant times, ADT Solar has acted in good faith and with reasonable grounds to believe that its actions were in compliance with all applicable statutes, laws, regulations, judicial and administrative interpretations, practices, and policies and ADT Solar asserts a lack of willfulness or intent to violate New York law as a defense to any claim by Plaintiff for damages or penalties.

DATED this 24th day of November, 2025.

SHOOK, HARDY & BACON L.L.P.

By: *William E. Vita*
William E. Vita
1 Rockefeller Plaza, Suite 2801
New York, New York 10020
Phone: (212) 989-8844
Fax: (929) 501-5455
Email: wvita@shb.com

*/s/ Daniel E. Rohner*
Daniel E. Rohner
*Pro Hac Vice Forthcoming*
1660 17th Street, Suite 450
Denver, CO 80202
Telephone: 303-285-5300
Facsimile: 303-285-5301
Email: drohner@shb.com

*/s/ R. Henry Hilliard*
R. Henry Hilliard
*Pro Hac Vice Forthcoming*
2555 Grand Boulevard
Kansas City, MO 64113
Telephone: 816-559-2505
Facsimile: 816-421-5547
rhhilliard@shb.com

***Counsel for Defendant***
***ADT Solar LLC***

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of November, 2025, I filed the foregoing with the clerk of the court using the court's CM/ECF system, which will cause a copy of the same to be electronically served upon:

Glenn M. Fjermedal, Esq.
Davidson Fink LLP
400 Meridian Centre Blvd, Suite 200
Rochester, NY 14618
Phone: (585) 546-6448
Fax: (585) 546-8125

*Attorneys for Plaintiff*
*Corning Credit Union*

                                              /s/ *William E. Vita*
                                              William E. Vita